UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 08-175-KSF

THE ESTATE OF LINIA SHEARER, by
and through her duly appointed administrator,
GILBERT RAYMOND SHEARER                                                                  PLAINTIFF

v.                                          **OPINION & ORDER**

T & W TOOL AND DIE CORPORATION,
*et al*.                                                                                                   DEFENDANTS

\* \* \* \* \* \* \* \* \* \*

Pursuant to the Court's Order of April 21, 2008 [DE #12], the defendants have filed their briefs addressing the Court's subject matter jurisdiction over this action and the issue of whether or not the plaintiff fraudulently joined certain defendants in order to defeat diversity jurisdiction. Also pending before this Court is the plaintiff's motion to remand this matter to state court [DE #33]. For the reasons set forth below, the Court finds that the exercise of subject matter jurisdiction over the plaintiff's complaint is appropriate based on the doctrine of fraudulent joinder and thus, the plaintiff's motion to remand will be denied.

I.      FACTUAL AND PROCEDURAL BACKGROUND

This wrongful death action was filed by the plaintiff, the Estate of Linia Shearer, by and through her duly appointed administrator, Gilbert Raymond Shearer, in Montgomery Circuit Court on March 14, 2008. The named defendants are T & W Tool and Die Corporation, Trim Trends Co., LLC, Danly-Komatsu, LP, Danly Tool & Equipment, Inc., Danly Machine, LP, Danly IEM, LLC,

1

Spencerville Metal Systems, LLC, Global Automotive Systems, LLC, Tom Hill, Melanie Brogli, Nissan North America, Inc., and Nissan. The plaintiff alleges that the decedent, Ms. Shearer, while working at Lexington Metal Systems, was observing the castings made from a power press operation when a piece of die ejected from the power press, struck Ms. Shearer on the neck, and caused her serious injuries and death.

Essentially, the plaintiff's Second Amended Complaint asserts three separate claims. First, the plaintiff alleges that the power press and die was defective and unreasonably dangerous as designed and manufactured by the corporate defendants. Second, the plaintiff alleges that defendant Hill failed to regularly inspect the power press and die. Third, the plaintiff alleges that defendant Brogli did not have reasonable and adequate first aid supplies to treat Ms. Shearer after the accident and that she failed to adequately train and instruct her employees with respect to the location of first aid supplies and how to assess and address emergency situations.

On April 14, 2008, T & W Tool and Die Corporation ("T&W") filed its Notice of Removal with this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, alleging that the plaintiff fraudulently joined defendants Brogli and Hill in order to defeat diversity jurisdiction [DE # 2]. On April 18, 2008, Nissan North America and Nissan filed their Notice of Consent to Removal [DE # 9]. On April 25, 2008, Global Automotive Systems, Spencerville Metal Systems, Hill and Brogli filed their Notice of Consent to Removal [DE # 14]. On May 28, 2008, Danly IEM filed its Notice of Consent to Removal [DE #30]. Although Danly Tool and Equipment, Inc. ("Danly Tool") was served on or before April 3, 2008, it has not filed any consent to removal in the record. There is no evidence in the record that any of the remaining defendants were ever served in this matter.

On April 21, 2008, the Court entered its Order, *sua sponte*, requiring the defendants to file

2

briefs within fifteen days addressing the Court's subject matter jurisdiction and the defendants' allegations of fraudulent joinder [DE #12]. On May 6, 2008, Brogli, Hill, Spencerville Metal Systems, Global Automotive Systems, and T& W Tool filed their briefs [DE ##18, 23]. The same day, Nissan North America and Nissan also filed their brief, along with a motion to sever plaintiff's claims against defendants Brogli and Hill [DE ##20, 21].

On May 22, 2008, the plaintiff filed a motion for extension of time to respond to the briefs filed by the defendants and to file a motion to remand [DE #26]. The Court granted the plaintiff's motion, and on June 9, 2008, the plaintiff filed his motion to remand [DE ##27, 33]. In support of his motion to remand, the plaintiff argues that he has not fraudulently joined any defendant in order to defeat diversity, and for the first time, argues that the defendants' notice of removal is technically defective because it violates the "rule of unanimity" requiring all defendants to consent to removal.

## II.   RULE OF UNANIMITY

While the issue of subject matter jurisdiction and fraudulent joinder was raised *sua sponte* by the Court upon receipt of T & W's Notice of Removal, the plaintiff raises the defendants' alleged breach of "the rule of unanimity" for the first time in his motion to remand. Because the Court finds that the plaintiff failed to raise this issue within the time allowed by the statute, the Court concludes that the plaintiff has waived this technical defect.

The plaintiff challenges the removal of this action as non-compliant with the so-called "rule of unanimity" because the defendant, Danly Tool, did not properly or timely consent to the removal. "The rule of unanimity requires that in order for a notice of removal to be properly before the court, all defendants who have been served or otherwise properly joined in the action must either join in the removal, or file a written consent to the removal." *Brierly v. Alusuisse Flexible Packaging, Inc.*,

184 F.3d 527, 533 n.3 (6th Cir. 1999). Specifically, a defendant or defendants desiring to remove any civil action from state court to federal court shall file a notice of removal within thirty days after service of summons upon the defendant. 28 U.S.C. §§1446(a) and (b). Courts have interpreted this requirement to mean that all defendants must unite in a timely petition for removal to federal court. *See Loftis v. United Parcel Service, Inc.*, 342 F.3d 509, 516 (6th Cir. 2003).

In the present case, the plaintiff does not dispute that Nissan North America, Nisssan, Hill, Brogli, Spencerville Metal Systems, and Global Automotive Systems filed their consent to T & W's notice of removal within the statutory thirty days after receipt of the plaintiff's complaint. However, the plaintiff contends that Danly Tool, who was served on or before April 3, 2008, has not consented to the notice of removal, and thus violated the "rule of unanimity." Consequently, the plaintiff moves the Court to remand this matter based on the defendants' alleged defective removal.

However, § 1446(a) clearly requires that all motions "to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after filing of the notice of removal under section 1446(a)." 28 U.S.C. §1447(c); *Page v. City of Southfield*, 45 F.3d 128, 133 (6th Cir. 1995). In this case, the notice of removal was filed on April 14, 2008, and based on the statute, the plaintiff had until May 14, 2008 to file a motion to remand based on any technical defect of removal.

The issue of the Court's subject matter jurisdiction was raised, *sua sponte*, by the Court's Order of April 21, 2008. While the plaintiff did indeed seek and receive an extension of time to respond to the defendants' briefs on the issue of the Court's subject matter jurisdiction and fraudulent joinder and to file a motion to remand [DE ##26, 27], this motion for extension of time to file a motion to remand was not filed until May 22, 2008, well after the statutory thirty day time-

frame to file a motion to remand based on a technical defect. It was not until June 9, 2008 that the plaintiff first raised the issue of any technical defect in the removal process [DE #33]. Thus, the Court will deny the plaintiff's motion to remand based on the "rule of unanimity" as untimely.

### III.  FRAUDULENT JOINDER

The Court now turns to the issue of the Court's subject matter jurisdiction and whether the plaintiff fraudulently joined defendants Brogli and Hill in order to defeat diversity jurisdiction. A case can only be removed to federal court if it could have been originally brought in federal court, and as there is no federal question, jurisdiction is only proper if the parties are completely diverse and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 1332.

The plaintiff, a citizen of Kentucky, filed this action in state court. The plaintiff alleges that defendants Hill and Brogli are also citizens of Kentucky, and therefore, complete diversity of citizenship does not exist under 28 U.S.C. § 1332. The burden is on the defendants to show fraudulent joinder, and, as with any dispute over removal, all doubts are to be resolved against removal. *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994). To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law. *Id*. The Sixth Circuit explained the relevant considerations in analyzing a claim of fraudulent joinder as follows:

> [T]he removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law. However, if there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, this Court must remand the action to state court. The district court must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the non-removing party. All doubts as to the propriety of removal are resolved in favor of remand.

*Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).

Thus, the question before the Court is not whether the plaintiff will prevail at trial on his claims against defendants Brogli and Hill. The question is not even whether the Court believes that they were in fact joined to defeat diversity. *Jerome-Duncan, Inc. v. Auto-by-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999)(holding a plaintiff's motive in joining a non-diverse defendant is "immaterial to our determination regarding fraudulent joinder"). The question is whether, resolving all ambiguities in favor of the plaintiff, the defendants have shown that there is no colorable basis for predicting that the plaintiff could prevail in state court.

In this case, the plaintiff alleges that defendant Brogli, Director of Human Resources for Global Automotive Systems, was negligent because she failed to have reasonable and adequate first aid supplies in the close proximity and readily available to treat Ms. Shearer at the time of the accident, and because she failed to adequately train and instruct employees with respect to the location of first aid supplies and how to assess and address emergency situations. The plaintiff alleges that defendant Hill, Director of Quality and Regulatory Affairs for Global Automotive Systems, negligently failed to ensure quality control and to comply with Occupational Safety and Health Administration regulations with respect to the maintenance and inspection of the power press and die.

The record clearly reveals that at the time of the accident, Ms. Shearer was an employee of Lexington Metal Systems, a wholly owned subsidiary of Global Automotive Systems. Global Automotive Systems has a business relationship with Nissan to manufacture automotive parts. Various subsidiaries of Global Automotive Systems manufacture different parts for Nissan; Lexington Metal Systems manufactures bumpers used by Nissan at the direction of Global Automotive System [DE #18-2].

Subsequent to her death, Ms. Shearer's estate applied for and received workers' compensation benefits pursuant to a policy purchased for Lexington Metal Systems by Global Automotive Systems [DE #18-2]. Records filed and signed by the plaintiff in support of the workers' compensation claim acknowledge that Global Automotive Systems was Ms. Shearer's employer [DE #43-3, 43-4, 43-5]. As a result, the plaintiff's claims against defendants Brogli and Hill, both employees of Global Automotive Systems, are barred by the exclusive remedy provisions of the Kentucky Workers Compensation Act, KRS 342.690, which provides, in part, as follows:

> (1) If an employer secures payment of compensation as required by this chapter, the liability of such employer under this chapter shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admirality on account of such injury or death.
> . . . .
> The exemption from liability given an employer by this section shall also extend to such employer's carrier and to all employees, officers or directors of such employer or carrier, provided the exemption from liability given an employee, officer or director of an employer or carrier shall not apply in any case where the injury or death is proximately caused by the willful and unprovoked physical aggression of such employee, officer or director.

KRS 342.610(2) extends the duty to provide workers' compensation coverage to a contractor, and courts have extended the exclusive remedy provisions "up the ladder" to those "contractors" who provide the primary coverage to the injured workers. *Goldsmith v. Allied Building Components, Inc.*, 833 S.W.2d 378, 379 (Ky. 1992). In a case such as this, where the subcontractor- Lexington Metal Systems - is engaged in regular and recurrent work of the contractor - Global Automotive Systems- and a policy of workers' compensation insurance provides coverage to the injured worker, the exclusive remedy provisions apply. *Granus v. North American Phillips Lighting Corp.*, 821 F.2d 1253 (6th Cir. 1987). Thus, Kentucky's Workers' Compensation Act serves as the plaintiff's

exclusive remedy against Ms. Shearer's employer and its employees, including defendants Brogli and Hill.

Inasmuch as the plaintiff's claims against defendants Brogli and Hill are barred by the exclusive remedy provisions of the Kentucky Workers Compensation Act, the Court will disregard the plaintiff's claims against defendants Brogli and Hill pursuant to the doctrine of fraudulent joinder, and they will be dismissed as parties to this action. *See In re Briscoe*, 448 F.3d 201, 216 (3rd Cir. 2006)(holding that once a court finds fraudulent joinder, the court can "disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants and thereby retain jurisdiction"), *citing Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999). Accordingly, complete diversity exists between the plaintiff and the remaining defendants and, therefore, the Court will deny the plaintiff's motion to remand and will retain jurisdiction over this matter.

IV.     **CONCLUSION**

For the reasons set forth above, and the Court being fully and sufficiently advised, the Court hereby **ORDERS** as follows:

(1)     the plaintiff's motion to remand [DE #33] is **DENIED**;

(2)     the plaintiff's claims against defendants Tom Hill and Melanie Brogli are **DISMISSED** pursuant to the fraudulent joinder doctrine**;** and

(3)     the motion of the defendants, Nissan North America and Nissan, to sever [DE #20] is **DENIED** as moot.

This July 24, 2008.



**Signed By:**

*Karl S. Forester*  KSF

**United States Senior Judge**