UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 08-175-KSF

THE ESTATE OF LINIA SHEARER,
by and through her duly appointed
administrator, GILBERT RAYMOND
SHEARER                                                                                           PLAINTIFF

v.                                              **OPINION & ORDER**

T & W TOOL AND DIE
CORPORATION, *et al*,                                                                     DEFENDANTS

\* \* \* \* \* \* \* \* \* \* \*

Currently before the Court is the motion of the defendant, T & W Tool and Die Corporation ("T & W"), to exclude any and all testimony of plaintiff's expert witness, Stan Smith, Ph.D., relating to hedonic damages and/or the value of life and/or the value of loss of society or relationship. According to T & W, this testimony should be excluded under Rule 702 of the Federal Rules of Evidence and the admissibility standards of *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993), and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999). This motion is fully briefed and is ripe for review.

**I.       FACTUAL AND PROCEDURAL BACKGROUND**

This civil action arises out of a manufacturing accident which occurred on April 9, 2007 at Lexington Metal Systems ("LMS"), a metal stamping facility in Mt. Sterling, Kentucky. On that day, Linia Shearer was on duty observing the operation of a press which stamped bumpers for Nissan Automotive. As she was performing this work, a die in the press shattered and ejected a metal shard which struck Mrs. Shearer's neck. She later died as a result of this injury.

Subsequent to her death, Mrs. Shearer's estate applied for and received workers' compensation benefits pursuant to a policy purchased for LMS by its parent company, Global Automotive Systems, LLC ("Global Automotive"). This civil action was ultimately filed by the plaintiff, the Estate of Linia Shearer, by and through her duly appointed administrator, Gilbert Raymond Shearer, in Montgomery Circuit Court on March 14, 2008. It was subsequently removed to this court. T & W, the manufacturer of the die, is the only remaining defendant.

T & W moves to exclude the opinion testimony of Dr. Stan V. Smith on hedonic damages and on the economic loss to Mrs. Shearer's estate based on her death. Dr. Smith is credited with coining the phrase "loss of enjoyment of life," and has been the subject of numerous court decisions relating to the admissibility of his expert opinions on this issue. Dr. Smith has opined that the plaintiff is entitled to $3,670,451.00 for the loss of value of life for Mrs. Shearer. T & W argues that Dr. Smith's opinions, which are based on a "willingness to pay" methodology, fail to satisfy the requirements of Rule 702 and *Daubert*.

## II.     ANALYSIS

In determining whether Dr. Smith should be permitted to testify, the Court must apply Rule 702 of the Federal Rules of Evidence in keeping with the Supreme Court's opinions in *Daubert* and *Kumho Tire*. Rule 702 provides as follows:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed.R.Evid. 702. In the exercise of its gatekeeping role under FRE 702, a district court is responsible for determining the relevance and reliability of all expert testimony. *Kumho Tire Co.*

*v. Carmichael*, 526 US. 137 (1999); *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). The Sixth Circuit has summarized the standard for admissibility of expert testimony as follows:

> [A] proposed expert's opinion is admissible, at the discretion of the trial court, if the opinion satisfies three requirements. First, the witness must be qualified by "knowledge, skill, experience, training or education." Fed.R.Evid. 702. Second, the testimony must be relevant, meaning that it "will assist the trier of fact to understand the evidence or to determine a fact in issue." *Id*. Third, the testimony must be reliable. *Id*.

*In re Scrap Metal Antitrust Litigation*, 527 F.3d 517, 528-29 (6th Cir. 2008).

Dr. Smith easily satisfies the first requirement. Dr. Smith is an economist and financial consultant. He holds an undergraduate degree from Cornell University and a Ph.D. in Economics from the University of Chicago. He has worked in the field of economics for over 30 years, including time at the Federal Reserve and JP Morgan Chase Bank. He has lectured on public policy at the University of Chicago, served as an adjunct professor at DePaul University, and authored textbooks used in economics classrooms. Additionally, his practical business experience includes involvement as Vice President of Midlothian Manufacturing; founder and President of Seaquest International, Inc.; and Principal and Managing Director of Ibbotson Associates. Dr. Smith is currently employed as President of Smith Economics Group, Ltd., which provides economic consulting and legal analysis on damages of all sorts. From the Court's review of his educational background and experience, the Court finds that Dr. Smith is qualified to testify under Rule 702.

The Court next turns to whether Dr. Smith's testimony on hedonic damages and loss of enjoyment of life are relevant to this case. Hedonic damages are generally those meant to compensate a claimant for "loss of enjoyment of life." Under Kentucky law, hedonic damages are generally subsumed in the category of mental suffering. *Adams v. Miller*, 908 S.W.2d 112 (Ky.

1995).

This is an action for wrongful death. Kentucky has adopted a wrongful death statute providing:

> Whenever the death of a person results from an injury inflicted by the negligence or wrongful act of another, damages may be recovered for the death from the person who caused it, or whose agent or servant caused it. If the act was willful or the negligence gross, punitive damages may be recovered. The action shall be prosecuted by the personal representative of the deceased.

KRS 411.130(1). While this statute clearly provides that "damages caused by the death are recoverable," it does not define or limit the extent of damages available. However, Kentucky courts routinely hold that "[t]he measure of damages for a wrongful death in this jurisdiction is the value of the destruction of the power of the decedent to earn money." *Adams v. Davis*, 578 S.W.2d 899, 902 (Ky.Ct.App. 1979). Kentucky law does not allow damages for pain and suffering in a wrongful death action. However, to the extent that the plaintiffs are proceeding under the survival statute, KRS 411.133, which provides for joinder of wrongful death and personal injury actions, the plaintiff may recover damages for pain and suffering for the period of time between Mrs. Shearer's injury and death.

There is no dispute that Mrs. Shearer's injury and death occurred within minutes. Dr. Smith, however, has not limited his opinion on Mrs. Shearer's loss of enjoyment of life to this short period. Rather, his opinion is based on her life expectancy of 82.3 years [DE #126-8]. Under Kentucky law, the plaintiff cannot recover *any* damages in the category of "mental suffering" after Mrs. Shearer's death. Thus, any testimony by Dr. Smith on hedonic damages or loss of enjoyment of life is irrelevant and must be excluded. Accordingly, the Court will grant T & W's motion to exclude any and all testimony of plaintiff's expert witness, Stan Smith, Ph.D., relating to hedonic damages and/or the value of life and/or the value of loss of society or relationship.

## III. CONCLUSION

For the reasons set forth above, the Court, being fully and sufficiently advised, hereby **ORDERS** that the motion to T & W to exclude any and all testimony of plaintiff's expert witness, Stan Smith, Ph.D., relating to hedonic damages and/or the value of life and/or the value of loss of society or relationship [DE #206 ] is **GRANTED**.

This July 19, 2010.

Signed By:
*Karl S. Forester* KSF
United States Senior Judge